IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY BUGG and
ELDON BUGG                                                                                    PLAINTIFFS

V.                                          NO. 6:19-CV-06017-RTD

MIDLAND FUNDING, LLC and
FINKELSTEIN, KERN, STEINBERG
& CUNNINGHAM, P.C.                                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendant Midland Funding's Motion to Dismiss (ECF No. 8). Plaintiffs' have filed a Motion to Amend and Response in opposition (ECF No. 10), and Defendant has filed a Reply (ECF No. 11). Also before the Court are Plaintiffs' Motion to Strike Reply and Motion for Extension of Time (ECF No. 12); Defendant's Response in Opposition to Plaintiff's Motion to Strike (ECF No. 14); and Plaintiffs' Reply to Response to Motion (ECF No. 15). This matter is ripe for consideration. For the reasons set forth herein below, the Motion to Dismiss will be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiffs Danny Bugg and Eldon Bugg originally filed this action in the Circuit Court of Garland County, Arkansas on June 26, 2018, asserting claims arising under state law: abuse of process; negligence; and violations of the Arkansas Fair Debt Collection Practices Act (AFDCPA). On January 23, 2019, Plaintiffs amended their complaint to include a civil rights claim under 42 U.S.C.§ 1983; claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; the Arkansas Fair Debt Collection Practices Act, Ark.Code Ann. §§17-27-506(a) and 505(b); abuse of process; negligence; negligence per se; and breach of contract under Arkansas common law.

1

Citing 29 U.S.C. § 1441(a), Defendant Midland Funding removed the case to this court on February 12, 2019 on grounds of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. (Notice of Removal, Feb. 12, 2019, ECF No. 1.)

The facts are taken from Plaintiffs' First Amended Complaint (ECF No. 4) and matters of public record that do not conflict with the facts set forth in the complaint.[1] Facts taken from the complaint are considered true for purposes of analyzing this motion under Rule 12(b)(6). Plaintiff Danny Bugg (Danny) is a resident of Garland County, Arkansas. Plaintiff Eldon Bugg (Eldon) is a resident of Cooper County, Missouri, and at all relevant times the assignee of certain rights, title and interest of the causes of action alleged in the complaint. Defendant Midland Funding (Midland) is a debt collector who became successor-in-interest creditor on two credit card contracts between two separate lenders and Danny. Both contracts had an unpaid balance. (Am. Compl. ¶ 8, Feb. 12, 2019, ECF No. 4.)

In September 2015, Midland caused to be filed in the district court for Garland County, Arkansas a complaint against Danny to collect the unpaid balance due on one of the credit card contracts. (*Midland v. Bugg*, HTCV-15-849, "Credit One Collection Lawsuit".) Midland caused to be filed with the district court a proof of service affidavit stating that service of process had been accomplished by delivering a copy of the summons and complaint to Danny's Lakeshore Drive residence and leaving it with a female family resident that was gray-haired and weighed approximately 100 pounds. (Am. Compl. ¶ 9). The affidavit of service was materially false because "there has never been a family resident fitting that description" at Danny's Lakeshore Drive residence. *Id.* Because he did not receive notice of the lawsuit, Danny did not file an answer, and Midland obtained a default judgment based on an affidavit of debt that was materially false in

---

[1] "When deciding a Rule 12(b)(6) motion to dismiss, a court may consider the complaint and exhibits attached thereto, matters of public record, orders, and materials embraced by the complaint." *Baker v. Allstate Financial Services, Inc.*, 554 F.Supp.2d 945, 948 (D. Minn. 2008) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

that the affidavit had been "robo-signed" (that is to say the affidavit was signed by an individual having no personal knowledge about the validity of the debt.) *Id*. On or about September 1, 2017, Midland executed on the judgment by garnishing Danny's wages. Learning of the collection lawsuit for the first time upon receipt of the notice of garnishment in the mail, Danny filed a motion to enjoin the garnishment and return the garnished wages. The motion was granted. Danny also filed a motion to vacate the underlying default judgment, and the state court has not yet ruled on that motion. *Id*.

On or about March 8, 2017, Midland caused to be filed in the district court of Garland County, Arkansas a complaint against Danny to collect the unpaid balance due on the second credit card contract. (Midland v. Bugg, HTCV-17-187, "Best Buy Collection Lawsuit".) (Am. Compl. ¶ 10.) Danny filed an answer denying that he owed the debt as alleged in the complaint. Danny also pleaded affirmative defenses and a counterclaim against Midland alleging that the affidavit of debt Midland filed in support of the complaint was materially false in that the affidavit had been "robo-signed," and was inadmissible in a court of law. Danny assigned his interest in the counterclaim to Eldon. During discovery on or about July 10, 2017, Midland served Danny with Requests for Admission. Eighteen days later, Danny responded to the discovery and denied that he owed the debt. Midland filed a motion for summary judgment on August 21, 2017 stating that Danny admitted owing the debt because he did not answer Midland's requests for admission. Plaintiff contends the summary judgment motion was materially false, deceptive, misleading, and malicious because Midland knew Danny had answered and served responses to discovery, and Midland knew Danny denied owing the debt. Danny attached a copy of the discovery responses to his response to the motion for summary judgment. Midland withdrew its summary judgment motion on September 14, 2017. *Id*.

On December 18, 2018, both the Credit One Collection Lawsuit and the Best Buy Collection Lawsuit were called for hearing and trial in the district court, and it was announced that the parties had settled both cases.

## II.     STANDARD OF REVIEW

Dismissal is proper if Plaintiffs' complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The factual allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009); *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909 912-13 (8th Cir. 2014). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979). "[A] dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.*

## III.    DISCUSSION

Midland seeks dismissal of the First Amended Complaint contending the underlying litigation conduct in the state court is not sufficient basis for any of Plaintiffs' claims: Plaintiffs' federal civil rights claim should be dismissed because Midland was not a "state actor"; Plaintiffs' claims under the Fair Debt Collection Practices Act (FDCPA) and the Arkansas Fair Debt Collection Practices Act (AFDCPA) fail because the underlying state court litigation filings at issue do not give rise to a claim under either statute; the abuse of process claim should be dismissed because process was not abused; Plaintiffs' claim for negligence should be dismissed because Arkansas law does not recognize a claim for negligent misrepresentation and because a negligently filed court document cannot support a claim for negligence; the negligence per se claim fails because violations under the FDCPA and AFDCPA do not constitute negligence per se under Arkansas law; the breach of contract claim does not allege a specific "obligation" supposedly owed

by Midland, and the allegations sound in tort, rather than contract; Plaintiffs cannot allege any real, actionable damages; and the underlying lawsuits have been settled.

### A. § 1983 Civil Rights Claim

Plaintiffs filed a cause of action under 42 U.S.C. § 1983 claiming that private parties using the state court system are state actors within the meaning of section 1983, and that Midland used the Arkansas court system to deprive Danny Bugg of his Constitutional rights under the Fifth and Fourteenth Amendments when Midland filed or caused to be filed the "materially false affidavit of service, default and garnishment, filed the false summary judgment; and provided robo-signed affidavits." In other words, Plaintiffs complain Midland misused the court system or that Midland acted contrary to the relevant policy or procedures articulated by the State of Arkansas. Assuming Midland did invoke state law collection procedures without the grounds to do so or that Midland misrepresented the grounds, Midland's actions can in no way be attributed to a State rule or State decision. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (private misuse of a state statute does not describe conduct that can be attributed to the State). Plaintiffs cannot state a valid cause of action under § 1983 based on Defendant's litigation conduct in the underlying state court proceedings, and the civil rights claim should be dismissed with prejudice.

### B. Fair Debt Collection Practices Act

The complaint alleges several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., by Midland in connection with its efforts to collect debts from Danny.

Specifically, Plaintiffs allege Midland violated 15 U.S.C. §§1692d[2], e[3] and f[4] by filing the false affidavit of service, the default motion and garnishment, the summary judgment, and the "robo-signed" affidavits in the underlying state court collections cases.

In its defense, Midland contends that the filing of allegedly improper motions in state court does not give rise to a claim under the FDCPA. Midland points out that pretrial proceedings in state court are part of a process offering procedural and substantive protections regulated by the court system and monitored by the presiding judge. According to Midland, it is unnecessary for a litigant to resort to the FDCPA for protection from debt collection activities in state court proceedings.

The FDCPA aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e). The FDCPA "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576, 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010). The Act "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is 'designed to protect consumers of below average

---

[2] 1692d prohibits a debt collector, generally, "from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt," and enumerates a non-exhaustive list of sixteen debt-collection practices that violate this section.

[3] 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

[4] 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.'" *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000)). "The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. Hawks*, 77 F.Supp.2d 1041, 1043 (D.Minn. 1999), *aff'd*, 236 F.3d 446 (8th Cir. 2001). Section 1692k(d) of the Act states: "An action to enforce liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." Creditors who violate the Act are liable for (1) any actual damage sustained; and (2) for additional damages "as the court may allow," not exceeding $1,000. §1692k(a)(1)-(2)(A). "In assessing statutory damages, a district court considers: (1) the frequency and persistence of non-compliance; (2) the nature of such non-compliance; (3) the extent to which the non-compliance was intentional." *Lester E. Cox Medical Center, Springfield, Mo. v. Huntsman*, 408 F.3d 989 (8th Cir. 2005). Statutory damages are available under the FDCPA without proof of actual damages. *Picht*, *id*. (citing *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982))

1. **Credit One Collection Lawsuit**

Plaintiffs claim Midland violated the Act by causing the following pleadings to be filed in the Credit One Collection Lawsuit: a false affidavit of service; a "robo-signed" and therefore inadmissible affidavit of debt; and a default judgment and garnishment that were "materially false" because they were obtained in reliance on the false or inadmissible affidavits. (Am. Compl ¶ 13.) Plaintiffs allege the natural consequences of filing the pleadings were to harass, oppress or abuse Danny in connection with the collection of the alleged debt; that said pleadings were deceptive or misleading representations or means used in connection with collection of the alleged debt; and that the pleadings were an unfair or unconscionable means used to collect or attempt to collect the alleged debt.

**False Affidavit of Service.** Plaintiffs allege that the default judgment and ensuing writ of garnishment were obtained by submission of a materially false affidavit of service by the process server retained to serve the summons and complaint on Danny. Apart from the affidavit of the process server,

it is not alleged that the motion for default judgment or the writ of garnishment were false or misleading or that the debt was not owed. Section 1692(a)(6)(D) specifically provides that process servers are not debt collectors, thus the regulations of the FDCPA do not extend to the actions of process servers. *Worch v. Wolpoff & Abramson, L.L.P.*, 477 F.Supp.2d 1015, 1019 (E.D. Mo. 2007) (finding no vicarious liability for actions by non-employee process server.) Plaintiffs' FDCPA claims against Defendant based upon materially false affidavit of service should be dismissed with prejudice.

**Robo-signed Affidavit of Debt.** Plaintiffs allege Midland's affidavit of debt was a false representation that violates §1692e, because it was purportedly signed by a person without personal knowledge of the debt at issue. Plaintiffs do not allege that the information contained in the affidavit of debt is false. Absent an allegation that Danny did not owe the debt or that the amount of the debt was otherwise misrepresented, it has not been plausibly alleged that Plaintiffs or the state court judge or anyone else was misled in any meaningful way by the affidavit. As Plaintiffs have failed to allege a false or misleading representation in the affidavit of debt filed in the Credit One Collection Lawsuit, Plaintiffs have failed to state a claim under §1692e with respect to said affidavit.

The Amended Complaint alleges the affidavit of debt violated §1692d because the natural consequence of filing the affidavit was to harass, oppress, or abuse Plaintiff in connection with collection of the debt. However, the allegations do not include specific facts regarding how the amount claimed in the affidavit was improper. Neither is it alleged that the debt was not owed. Assuming the affidavit was filed by someone without personal knowledge of the validity of the debt, this conduct alone does not have the natural consequence of harassing, oppressing or abusing anyone. Therefore, the Amended Complaint fails to state a claim under §1692d regarding the affidavit of debt filed in the Credit One Collection Lawsuit.

Finally, turning to Plaintiffs' claim that Midland violated §1692f by using unfair or unconscionable means to collect the debt when it caused the affidavit of debt to be filed, this Court does not find the filing of a technically false and inadmissible but otherwise factually correct affidavit of debt rises to the level of being an unfair or unconscionable means to attempt to collect

a debt.  Since the Amended Complaint does not allege a plausible violation of the FDCPA based upon the affidavit of debt filed in the Credit One Collection Lawsuit, the claims should be dismissed.  *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015).

**The Default Judgment and Garnishment.**  Plaintiffs allege that, by filing the motion for default judgment and obtaining the garnishment based on the false affidavit of service and the inadmissible affidavit of debt, Midland violated §§ 1692d, 1692e, and 1692f.  The allegations are conclusory only.  Plaintiffs do not allege specific facts showing how the amounts claimed in the default judgment or garnishment were improper, and neither do Plaintiffs allege that the debt was not owed.  As previously explained, the process server is not a debt collector under the Act, and Midland is not vicariously liable for his actions.  In addition, as discussed hereinabove, the affidavit of debt filed in support of the default judgment, while technically false and inadmissible, did not violate the Act.  Since the Amended Complaint does not allege the default judgment and garnishment were factually incorrect concerning the amount of the debt or that the debt was not owed, the Amended Complaint does not state a plausible claim for relief under the Act and these claims should be dismissed.

Because it is theoretically possible the complaint could be amended to include additional, specific facts supporting a plausible claim for relief under the FDCPA in connection with the affidavit of debt, default judgment and garnishment filed in Credit One Collection Lawsuit, the dismissal of the claims is without prejudice.  Plaintiffs' motion to amend should be granted with respect to these specific claims.

**2. Best Buy Collection Lawsuit.**

Regarding the Best Buy Collection Lawsuit, Plaintiffs allege Midland violated the FDCPA by causing to be filed an inadmissible, "robo-signed" affidavit of debt that Danny consistently denied owing in his answer to the complaint; his responses to Midland's requests for admission; and in his response to the motion for summary judgment.  In addition, Midland's summary judgment motion contained misrepresentations about Danny's failure to deny the debt and the status of his discovery

responses. Plaintiffs claim the natural consequence of filing the inaccurate pleadings was the harassment, oppression, and/or abuse of Danny in connection with the collection of the alleged debt (§1692d), and that the pleadings were deceptive or misleading representations or means used in connection with the collection of the alleged debt under §1692e. Plaintiffs allege further that the pleadings Midland caused to be filed in its attempt to collect the Best Buy debt were unfair and unconscionable under §1692f. Because the Amended Complaint specifically alleges the underlying debt was not owed and that material fact(s) were misrepresented in the summary judgment motion, the Amended Complaint does state a plausible claim for relief under the FDCPA and Midland's motion to dismiss should be denied regarding the claims concerning the Best Buy Collection Lawsuit.

### C. Arkansas Fair Debt Collection Practices Act.

Plaintiffs' Amended Complaint includes claims under the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark.Code Ann. § 17-24-501 et seq. Specifically, Plaintiffs allege Midland violated § 17-24-505(a) (prohibiting action or conduct the natural consequence of which is to harass, oppress and/or abuse) and § 17-24-506(a) (prohibiting the use of false, deceptive or misleading means) in its attempts to collect the Credit One and the Best Buy credit card debts. (Am.Compl. ¶ 14, ECF No. 4.) Because Plaintiffs claims under the AFDCPA are similar if not the same as those advanced under the FDCPA, this Court will not conduct a separate analysis. See *McMullen v. McHughes Law Firm*, 2015 Ark. 15, 454 S.W.3d 200 (2015). Accordingly, Plaintiffs' AFDCPA claims regarding the Credit One Collection Lawsuit should be dismissed because a plausible claim for relief has not been stated. However, the dismissal is without prejudice, and Plaintiffs motion to amend should be granted with respect to these specific claims. Plaintiffs' have stated a claim for relief under the AFDCPA regarding the Best Buy Collection Lawsuit, and Midland's motion to dismiss should be denied regarding these claims.

### Abuse of Process

Plaintiffs allege Midland abused process in filing the false affidavit of service, the robo-signed affidavit of debt, the default judgment, and the writ of garnishment in the Credit One Collection

Lawsuit. In addition, Plaintiffs claim that Midland abused process by filing the motion for summary judgment in the Best Buy Collection case. (Am.Compl. ¶ 15, ECF No. 4.) To state a claim for abuse of process, a complaint must show the following: "(1) a legal motion was set in motion in proper form, even with probable cause and ultimate success; (2) the procedure was perverted to accomplish an ulterior purpose for which it was not designed; and (3) a willful act is perpetrated in in the use of process which is not proper in the regular conduct of proceedings. *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324 (2010) (citing *South Ark. Petroleum Co. v. Schiesser*, 343 Ark. 492, 36S.W.3d 317 (2001)).

Plaintiffs have failed to state a claim. The legal procedures Midland employed were all designed to allow for the collection of unpaid debt. Allegations that the pleadings were filed to coerce the payment of debt not owed or that there were defects in the procedure surrounding the filing of the pleadings, are insufficient to state a plausible claim that the pleadings were filed for any ulterior purpose other than to collect unpaid debt. *Born*, 2010 Ark. at 8, 372 S.W.2d at 331. Accordingly, the abuse of process claim should be dismissed with prejudice.

### D. Negligence

Plaintiffs allege Midland's conduct was negligent and claim Midland owed them a duty not to violate legal procedures. (Am.Comp. ¶ 16, ECF No. 4). Plaintiffs contend that Midland negligently caused pleadings to be filed in the state court collections cases: the motion for summary judgment in the Best Buy Collection Lawsuit; the false affidavit of service and the default and garnishment in the Credit One Collection Lawsuit; and the "robo-signed" affidavits of debt in both lawsuits. Plaintiffs claim actual and punitive damages. *Id*. at ¶¶ 19, 20.

To state a claim for negligence, a plaintiff must allege a "failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them." *Mills. v. Finch*, 2010 Ark. App. 199 (2010) (quoting *Marlar v. Daniel*, 368 Ark. 505, 247 S.W.3d 473 (2007)). See also *Duran v. Southwest Arkansas Electric Cooperative Corporation*, 2018 Ark. 33, 537 722 (2018) (plaintiff must show that defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the

plaintiff's injuries.) "The law of negligence requires as an essential element that the plaintiff show that a duty of care was owed." *Yanmar Co., Ltd. v. Slater*, 2012 Ark. 36, 386 S.W.2d 439 (2012). "Duty is a concept that arises out of the recognition that relations between individuals may impose upon one a legal obligation for the other." *Id*. The issue of whether a duty exists is a question of law. *Hall v. Rental Management, Inc.*, 323 Ark. 143, 913 S.W.2d 293 (1996).

State courts in Arkansas have not held that, under circumstances such as these, a debt collector owes a duty of care to a debtor in connection with the filing of pleadings in collections cases. While the violation of a statute may be evidence of negligence, the violation does not constitute negligence in and of itself. *Kendrick v. Rankin*, 219 Ark. 736, 244 S.W.2d 495 (1951); *Young v. Dodson*, 239 Ark. 143, 388 S.W.2d 94 (1965) (a law violation is not negligence per se, but is only evidence of negligence); *Berkeley Pump Co., v. Reed-Joseph Land Co*., 279 Ark. 384, 653 S.W.2d 128 (1983) (violation of a statute is merely evidence of negligence and not negligence per se.) "It would be an intellectual leap to determine that, as a general rule, statutes create a duty of care if violating a statute is not negligence per se." *Loftis v. Credit Acceptance Corp.*, 2011 WL 976621 (E.D. Ark. 2011).

Plaintiffs have failed to state a claim for negligence. The allegations in the Amended Complaint regarding duty are conclusory only, and the facts set forth are insufficient to plead the breach of any legal obligation or duty owed by Midland to Plaintiffs regarding the filing of affidavits or pleadings in the state court collections cases. Since Plaintiffs cannot plead a legal duty owed by Midland under the circumstances of this case, the negligence claim should be dismissed with prejudice.

### E. Negligence Per Se

The Amended Complaint contains a cause of action for negligence per se. Plaintiffs allege the §1983 civil rights violation and the violations of the FDCPA and the AFDCPA constitute negligence per se; that Danny was a member of the class of persons intended to be protected by these statutes; that Danny's injury is of the type that the statutes were designed to prevent; and that the violations were the proximate cause of damages. (Am. Compl. ¶ 17, ECF No. 4.) Plaintiffs claim actual and punitive damages. *Id*. at ¶¶ 19, 20.

For the reasons set forth hereinabove, Plaintiffs have failed to state a plausible claim for negligence per se under Arkansas law. *Berkeley Pump,* 279 Ark. at 397. The claim for negligence per se should be dismissed with prejudice.

### F. Breach of Contract

Turning to Plaintiffs' cause of action for breach of contract, the Amended Complaint alleges that Midland was the successor-in-interest on the Credit One and Best Buy credit card contracts, and that Midland breached the contracts by using the "unlawful means of filing two lawsuits supported with a combined affidavit of service, default judgment, garnishment, summary judgment, and robo-signed affidavit of debt, which were all materially false." (Am. Compl. ¶ 18, ECF No. 4.) Plaintiffs claim actual damages in the amount of $4,500. *Id.* at ¶ 19. Plaintiffs also claim punitive damages in the amount of $13,500, "because defendants knew or should have known the probable consequences of their …acts and conduct…and…defendants maliciously or recklessly disregarded those consequences…" *Id.* at ¶ 20.

In Arkansas, a cause of action for breach of contract "must assert the existence of a valid and enforceable contract between the plaintiff and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from the breach." *Perry v. Baptist Health*, 358 Ark. 238, 244, 189 S.W.3d 54, 58 (2004). The purpose of the law of contracts is to see that promises are performed, while the law of torts provides redress for various injuries. *L.L. Cole & Son, Inc. v. Hickman*, 282 Ark. 6, 665 S.W.2d 278 (1984). "For the breach of every contract the law implies that some damage has resulted. Yet if a party seeks to recover more than nominal damages, there must be evidence of an actual, substantial loss, unless the contract itself furnished a guide to the measurement of damages." *St. Louis, I.M. & S.R. v. Mudford*, 44 Ark. 439 (1884). It has traditionally been the law in Arkansas that punitive damages for breach of contract are not allowed. *L.L. Cole*, 282 Ark. at 9, 665 S.W.2d at 281. "A plaintiff should either plead and prove his cause of action in contract or tort." *Id.*

Plaintiffs have not stated a plausible claim for breach of contract, because the Amended Complaint does not set forth facts describing the specific contractual obligation(s) allegedly owed by

Midland. In addition, the allegations of damages are conclusory, and there are no facts showing how the alleged breach of the credit card contract(s) resulted in an actual, substantial loss to Plaintiffs. Nor have Plaintiffs alleged that the credit card contracts themselves furnish a guide to the measurement of damages in event of a breach. By failing to allege the non-performance of a specific, contractual promise and by claiming punitive damages for Midland's alleged acts and conduct, Plaintiffs claim sounds in tort rather than contract. Accordingly, the claim for breach of contract should be dismissed with prejudice.

**IV. CONCLUSION**

Wherefore, the Court makes its Order as follows:

1. Midland's Motion to Dismiss (ECF No. 8) is granted in part and denied in part as follows:

    a. Plaintiffs' civil rights claim under 42 U.S.C. § 1983 should be and hereby is DISMISSED WITH PREJUDICE;

    b. Plaintiffs' claims under the FDCPA and the AFDCPA regarding the false affidavit of service in the Credit One Collection Lawsuit should be and hereby are DISMISSED WITH PREJUDICE.

    c. Plaintiffs' claims under the FDCPA and the AFDCPA based on the affidavit of debt and the default judgment and garnishment filed in the Credit One Collection Lawsuit are DISMISSED WITHOUT PREJUDICE;

    d. Plaintiffs' claims for abuse of process should be and hereby are DISMISSED WITH PREJUDICE;

    e. Plaintiffs' claim for negligence should be and hereby is DISMISSED WITH PREJUDICE;

    f. Plaintiffs' claim for negligence per se should be and hereby is DISMISSED WITH PREJUDICE;

    g. Plaintiffs' claim for breach of contract should be and hereby is DISMISSED WITH PREJUDICE.

    h. Any relief requested in the motion to dismiss and not specifically granted herein should be and hereby is DENIED.

2. Plaintiffs' Motion to Amend (ECF No. 10) should be and hereby is GRANTED in part, and Plaintiffs shall have up to and including September 9, 2019 to file an amended complaint with respect to the FDCPA/AFDCPA claims as they relate to the Credit One Collection Lawsuit and the affidavit of debt and default judgment and garnishment filed therein. Plaintiffs' Motion to Amend is DENIED in all other respects.

3. Plaintiffs' Motion to Strike Reply and Motion for Extension of Time (ECF No. 12) should be and hereby is DENIED AS MOOT.

**IT IS SO ORDERED**, this 19th day of August 2019.

/s/ *Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE